```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

MARIO BENITO GUTIERREZ
GUTIERREZ,

      Petitioner,

v.                                     Case No.2:25-cv-1223-JES-DNF

MIAMI FIELD OFICE DIRECTOR,
et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Mario Benito Gutierrez Gutierrez's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 7), and Gutierrez's reply. (Doc. 8). For the reasons below, the Court grants the petition.

### I.  Background

Gutierrez is a citizen of Nicaragua who entered the United States on or around March 30, 2021 without inspection. (Doc. 1 at 12). He was taken into custody shortly thereafter but released on bond in June of 2021. (Id. at 12). He remained at liberty in the United States for almost five years. Gutierrez has a six-month-old child who is an American citizen. (Id. at 13.) On December 21, 2025, Gutierrez was stopped at a routine ICE check and taken into custody. (Id. at 13.) He has been charged under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United

States without inspection.  (Id. at 13.)  Gutierrez has a pending asylum application where he alleges a claim of fear if returned to Nicaragua.  (Id. at 14.)  He has no criminal history.  (Id.)

Gutierrez is currently detained under 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1).  He argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  (Doc. 1 at 18).

## II.  Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Gutierrez.  The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal.  It allows immigration officers to remove noncitizens "without further hearing or review."  8 U.S.C. § 1225(b)(1)(A)(i). Because expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways.  First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and

2

1182(a)(6)(C), (a)(7)). And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But it provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Noncitizens already in the country are treated differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of

3

initial entry.'" Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Respondents argue that Gutierrez is subject to section 1225(b) because he was detained at the border shortly after entering the Untied States. (Doc. 7 at 6.)[1] But the government could have designated Gutierrez for expedited removal at that time. Instead, it paroled Gutierrez into the country and allowed him to stay for almost five years. As a result, he is not eligible for "expedited" removal. Thus, Respondents' authority to detain Gutierrez stems from section 1226(a). As a noncitizen detained under section 1226(a), Gutierrez has a right to a bond hearing.

---

[1] Respondents also argue that the Court lacks jurisdiction to consider this petition and that Gutierrez has not properly exhausted his administrative remedies. (Doc. 7 at 9). The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile. The Court's reasoning on these issues applies equally here.

The Court will thus order Respondents to either bring Gutierrez before an immigration judge for a bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. Here, and in other cases before this Court, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. (Doc. 7 at 7-8). Regardless, subjecting Gutierrez to mandatory detention under § 1225(b)(1) is unlawful. If the respondents are unable to ensure Gutierrez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby **ORDERED**:

1. Mario Benito Gutierrez Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Within **TEN (10) DAYS** Respondents shall either provide Gutierrez with the statutory process required under § 1226, which includes a bond hearing or release him under reasonable conditions of supervision.[2]

3. If Respondents release Gutierrez, they shall facilitate

---

[2] Gutierrez's Due Process claims are not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mic. Sept. 9, 2025). If Respondents do not provide Gutierrez with a bond hearing or release as ordered, he can renew his Fifth Amendment claims in a subsequent complaint or petition.

his transportation from the detention facility by notifying his counsel when and where he may be collected.

 4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[3]

 **DONE AND ORDERED** in Fort Myers, Florida on January 14, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). No final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.